UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| BRADLEY SIMMONS,<br>   Plaintiff, | )<br>)<br>) |
| vs. | )     No. 21-1046<br>) |
| DR. KHAN, et. al.,<br>   Defendants | )<br>) |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a *pro se* prisoner, has filed his complaint against Psychologist Dr. Khan, Psychologist Dr. Killigan, Public Defender Mathew Koetters, Judge William Yoder, and Attorney Stephanie Wong. Plaintiff is apparently facing state court criminal charges in McLean County Illinois, but Plaintiff was found unfit to stand trial. Plaintiff disagrees with this finding and demands his right to a speedy trial. Plaintiff asks this Court to order the state court to stop the delay in his trial and stop various, alleged procedures involving pretrial detainees.

1

The Court notes Plaintiff's address when he filed his complaint was the Chester Mental Health Center.  A search of McLean County public records indicates the Plaintiff faces two charges of unlawful use of a weapon by a felon, and one misdemeanor charge of resisting a police officer.[1]  The records further indicate Plaintiff was taken into custody in May of 2020, he had received repeated fitness hearings, and an additional review is set on May 10, 2021.

There are several problems with Plaintiff's complaint. First, Plaintiff has not alleged a federal violation, but a violation of state law. "The 120-day time limit is imposed by Illinois law, at 725 ILCS 5/103-5(a), and is independent of the federal constitutional speedy trial right. A federal court does not enforce state laws such as this." *Firkins v. Nester*, 2017 WL 2378194, at *2 (S.D.Ill. June 1, 2017), *citing Archie v. City of Racine*, 847 F.2d 1211, 1217 (7th Cir. 1988), *cert. denied,* 489 U.S. 1065 (1989); *Pasiewicz v. Lake Cnty. Forest Preserve Dist.*, 270 F.3d 520, 526 (7th Cir. 2001).

Even if the Plaintiff had alleged a federal violation, the Supreme Court's decision in *Younger v. Harris,* 401 U.S. 37 (1971) requires this Court abstain from interfering in Plaintiff's pending state court criminal proceedings.

---

[1] McLean County Government,  Criminal Division | McLean County, IL - Official Website (mcleancountyil.gov)

Plaintiff also cannot pursue claims against the presiding Judge or appointed counsel. Judges have absolute immunity for actions taken in the course of their judicial duties. *See Stump v. Sparkman*, 435 U.S. 349, 359 (1978); *Forrester v. White*, 484 U.S. 219, 225-29 (1988). In addition, public defenders are not "state actors" who are amenable to a civil suit for money damages. *See Polk Co. v. Dodson*, 454 U.S. 312, 325 (1981).

Plaintiff's complaint is therefore dismissed for failure to state a claim upon which relief can be granted. Plaintiff must address his concerns about a speedy trial in his state court criminal case. This Court cannot consider Plaintiff's claims.

IT IS THEREFORE ORDERED that:

1) Plaintiff's case is dismissed for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §1915A.

2) This dismissal shall count as one of the Plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g). The Clerk of the Court is directed to record the Plaintiff's strike in the three-strike log.

3) If the Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* MUST set forth the issues the Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

ENTERED this 26th day of April, 2021.

                                     s/James E. Shadid
                     _____
                                    JAMES E. SHADID
                          UNITED STATES DISTRICT JUDGE